# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60068
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2016

Lyle W. Cayce
Clerk

JIANQING LIN,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 918 666

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jianqing Lin, a native and citizen of the People's Republic of China, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the immigration judge (IJ) denying his application for asylum, withholding of removal, and withholding of removal under the Convention Against Torture and ordering that he be removed to China. Lin argues that the BIA and IJ clearly erred by finding that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

testimony was not credible.  He maintains that the IJ initially found that his testimony was credible and that the BIA affirmed this finding.  He contends that the inconsistency in his testimony regarding whether he or his father was considered an anti-government activist was a translation issue that he quickly corrected.  According to Lin, his testimony concerning whether his father led the other villagers to hand over their land was not inconsistent.  He contends that it easily could have been the case that his father told the government officials that the villagers would surrender their land to get Lin released and the villagers later decided not to surrender their land.  Lin also challenges the IJ's alternative ruling that he was not eligible for relief even if his testimony were credible.

When considering a petition for review, we have the authority to review only the BIA's decision, not the IJ's decision, unless the IJ's decision has some impact on the BIA's decision.  *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).  In this case, we may review the IJ's ruling as well as the BIA's decision regarding Lin's credibility because the BIA affirmed the IJ's ruling in this respect.  *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).  We cannot, however, consider the IJ's alternative ruling that Lin was not entitled to relief even if his testimony were credible because the BIA did not consider it.  *See Yang v. Holder*, 664 F.3d 580, 584 n.3 (5th Cir. 2011).

An immigration court's findings of fact are reviewed for substantial evidence.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  We may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it."  *Id.* at 537.  It is the factfinder's duty to make determinations based on the credibility of witnesses, and we cannot substitute our judgment for that of the BIA or IJ with respect to factual findings based on credibility determinations.  *Chun v.*

*INS*, 40 F.3d 76, 78 (5th Cir. 1994).    However, an adverse credibility determination still "must be supported by specific and cogent reasons derived from the record." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Contrary to Lin's assertion, the BIA did not affirm the IJ's initial finding that Lin's testimony was credible.    Instead, it simply noted this finding, vacated the IJ's initial ruling on other grounds, and remanded the case to the IJ.

The record belies Lin's argument that the inconsistency in his testimony regarding whether he or his father would be considered an anti-government activist was due to a translation error.  Lin's counsel, like Lin, spoke Mandarin, and when Lin's counsel believed that there was a translation error, he challenged the translation.  However, when Lin testified that his father would be considered an anti-government activist, Lin's counsel did not challenge the translation; instead he asked a follow-up question so that Lin could state that it was he, not his father, who would be considered an anti-government activist. Furthermore, translation issues at the asylum hearing cannot account for the fact that Lin stated in his credible fear interview that he would be considered an anti-government activist but stated in his asylum application that his father would be considered an anti-government activist.    Additionally, Lin merely speculates that there was a translation error without providing any evidence showing that there was a translation error, and this is insufficient to undermine the adverse credibility determination.  *See Wang*, 569 F.3d at 539.

The record also supports the IJ's and BIA's determination that Lin's testimony regarding whether the villagers surrendered their land when Lin's father did was inconsistent.  Lin first testified that his father led the villagers to surrender their land in order to secure Lin's release from detention.  He later testified that, after he was released, he attempted to persuade the villagers not

No. 15-60068

to give up their land.  On cross-examination, he stated that the other villagers did not give up their land at the same time that his father did.  While Lin contends that there is an explanation for this apparent inconsistency, this post-hoc rationalization is insufficient to overturn the credibility determination made by the IJ and BIA.  *See Wang*, 569 F.3d at 538.

The IJ and BIA also ruled that Lin's testimony was not credible because he testified that he was wanted by the Chinese government but was allowed to leave China using his own passport while the State Department report on China indicated that those the Chinese government considered to be against the government were not allowed to travel freely.  This finding is supported by the record.  Lin does not challenge this finding.

The adverse credibility determination was "supported by specific and cogent reasons derived from the record." *Zhang*, 432 F.3d at 344.  The totality of the circumstances does not compel a finding that Chen was credible, and accordingly we will not disturb the adverse credibility determination.  *See Wang*, 569 F.3d at 537-39.

PETITION FOR REVIEW DENIED.

4